Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| ERNESTO ARROYO LÓPEZ **Peticionario** V. DIEGO J. LOINAZ MARTÍN **Recurrido** | TA2026CE00699 CONS. CON TA2026AP00585 | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de San Juan Civil Núm. SJ2023CV05579 Sobre: Desahucio y Cobro de Dinero |
|---|---|---|

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero

**Hernández Sánchez, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 29 de junio de 2026.

El 1 de junio de 2026, el Sr. Ernesto Arroyo López (señor Arroyo) compareció ante nos mediante *Recurso de Certiorari* en el caso núm. TA2026CE00699 y solicitó la revisión de tres (3) dictámenes emitidos por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI). En el primer dictamen, mediante *Sentencia* emitida y notificada el 21 de abril de 2026, el TPI declaró Ha Lugar la demanda de desahucio, ordenó el desalojo del inmueble objeto del pleito y concluyó, entre otras cosas, que existió una anuencia tácita del señor Arroyo a la ocupación del inmueble por parte del señor Loinaz durante el período comprendido entre septiembre de 2020 y octubre de 2022. Asimismo, fijó una fianza apelativa de $2,600.00. En la segunda, mediante *Resolución y Orden* emitida y notificada el 8 de mayo de 2026, el TPI declaró Ha Lugar la solicitud de imposición de fianza de no residente presentada por el señor Loinaz por lo que le ordenó al señor Arroyo prestar la correspondiente fianza y dispuso la suspensión de los procedimientos hasta tanto esta fuera prestada.

Finalmente, mediante *Resolución* emitida y notificada el 26 de mayo de 2026, el TPI declaró No Ha Lugar la solicitud de relevo presentada por el señor Arroyo al amparo de la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, mediante la cual solicitó que se dejara sin efecto la Orden de Imposición de Fianza de No Residente emitida el 8 de mayo de 2026.

Por otro lado, mientras el presente recurso de *certiorari* permanecía pendiente ante este Tribunal, el 8 de junio de 2026, el Sr. Diego J. Loinaz Martin (señor Loinaz) presentó una *Apelación* en el caso núm. TA2026AP00585, mediante la cual solicitó la revocación de la *Sentencia* emitida y notificada el 21 de abril de 2026. Reiteramos que mediante dicho dictamen el TPI declaró Ha Lugar la *Demanda* de desahucio instada por el señor Arroyo, determinó que el contrato de arrendamiento había terminado por incumplimiento y ordenó el desalojo del señor Loinaz de la propiedad objeto del litigio. En consecuencia, el señor Loinaz acudió ante este Foro para impugnar la *Sentencia* que resultó adversa a sus intereses.

A tenor con la Orden Administrativa Núm. DJ 2019-316, según enmendada por la Orden Administrativa Núm. DJ 2019-316A que emitió la Jueza Presidenta del Tribunal Supremo, la Hon. Maite Oronoz Rodríguez, y a tenor con la Orden Administrativa Núm. TA 2021-092 que emitió el Juez Administrador del Tribunal de Apelaciones, Hon. Roberto Sánchez Ramos, ordenamos la consolidación del caso núm. TA2026AP00585, con el de mayor antigüedad, el caso núm. TA2026CE00699.

I.

El 9 de junio de 2023, el señor Arroyo presentó una *Demanda* sobre desahucio precario y cobro de dinero contra el señor Loinaz.[1] En síntesis, alegó que este último ocupaba un inmueble de su propiedad en virtud de un contrato de arrendamiento y opción de compra, pero que había incumplido con sus obligaciones contractuales al efectuar pagos inferiores al canon pactado. Por ello, solicitó el desahucio del inmueble.

En respuesta, el señor Loinaz presentó una *Contestación a Demanda*.[2] En lo pertinente, negó haber incumplido el contrato, sostuvo que las partes habían consentido una reducción temporal del canon de arrendamiento mediante su conducta y alegó que el contrato continuaba vigente. Además, planteó diversas defensas relacionadas con alegados

---

[1] *Véase*, Entrada Núm. 1, SUMAC TPI.
[2] *Véase*, Entrada Núm. 12, SUMAC TPI.

créditos por reparaciones realizadas en la propiedad y con la vigencia de su derecho de opción de compra.

Posteriormente, el 20 de mayo de 2024, durante una conferencia sobre el estado de los procedimientos, el TPI hizo constar que el señor Arroyo se encontraba fuera de Puerto Rico por razones personales.[3] No obstante, indicó que, si esa situación cambiara y dejara de ser residente de Puerto Rico, este último debía notificarlo al Tribunal para que se presentara la fianza de no residente.

Luego de celebrados los procedimientos correspondientes, el 21 de abril de 2026, el TPI emitió una *Sentencia* mediante la cual declaró Ha Lugar la demanda de desahucio presentada por el señor Arroyo, ordenó el desalojo de la propiedad y fijó una fianza apelativa de $2,600.00.[4] En desacuerdo con esta determinación, el 29 de abril de 2026, el señor Arroyo presentó una *Mocion de Reconsideración* [...] mediante la cual solicitó una reconsideración parcial de la *Sentencia*.[5] Por su parte, el 6 de mayo de 2026, el señor Loinaz presentó una *Solicitud de Determinaciones de Hechos y Conclusiones de Derecho Adicionales y Reconsideración* al amparo de la Regla 43.1 de Procedimiento Civil, 32 LPRA Ap. V, R.43.1.[6] Posteriormente, el TPI denegó las solicitudes de reconsideración presentadas por ambas partes.[7]

Por otro lado, el 6 de mayo de 2026, el señor Loinaz presentó una *Solicitud de Imposición de Fianza no Residente* [...] al amparo de la Regla 69.5 de Procedimiento Civil, 32 LPRA Ap. V, R.69.5.[8] Allí, solicitó que se ordenara al señor Arroyo prestar una fianza de no residente y que se suspendieran todos los procedimientos hasta tanto dicha fianza fuera prestada. En apoyo de su solicitud, señaló que durante una vista de status celebrada el 20 de mayo de 2024 el Tribunal hizo constar que, de cambiar la situación del señor Arroyo y dejar de ser residente de Puerto Rico, este último debía notificarlo y prestar la correspondiente fianza de no residente. Ante ello, expuso que dicha determinación imponía expresamente al señor

---

[3] *Véase*, Entrada Núm. 58, SUMAC TPI.
[4] *Véase*, Entrada Núm. 143, SUMAC TPI.
[5] *Véase*, Entrada Núm. 157, SUMAC TPI.
[6] *Véase*, Entrada Núm. 159, SUMAC TPI.
[7] *Véase*, Entrada Núm. 158 y 163, SUMAC TPI.
[8] *Véase*, Entrada Núm. 160, SUMAC TPI.

Arroyo la obligación de informar cualquier cambio en su residencia y de prestar la fianza correspondiente en caso de no residir en Puerto Rico.

Sostuvo que, a pocos días de la celebración del juicio, el señor Arroyo informó que él y su esposa, la Sra. Gloria Josefa Ortiz Irizarry, residían en el estado de Florida. Indicó que ello surgía expresamente de un recurso de *certiorari* presentado por el señor Arroyo ante el Tribunal de Apelaciones, donde se afirmó que ambos residían en Florida y que se habían trasladado allí durante el transcurso del caso.

Asimismo, alegó que el señor Arroyo nunca notificó formalmente ante el Tribunal dicho cambio de residencia, a pesar de la orden emitida durante la vista de status. Añadió que previamente, en una solicitud de sentencia declaratoria, ya surgían alegaciones relacionadas con la permanencia del señor Arroyo y su esposa en Florida, y que posteriormente ellos admitieron expresamente en el recurso de *certiorari* que ambos residían en ese estado. Así pues, sostuvo que ello demostraba que el señor Arroyo tenía conocimiento de su residencia fuera de Puerto Rico y que incumplió tanto con la orden del Tribunal como con los requisitos de la Regla 69.5 de Procedimiento Civil, *supra*.

Además, argumentó que la jurisprudencia del Tribunal Supremo había reiterado el carácter mandatorio de la Regla 69.5 de Procedimiento Civil, *supra*, y que, una vez procedía la exigencia de la fianza de no residente, todos los procedimientos debían suspenderse hasta que esta fuese prestada. También sostuvo que la existencia de una sentencia en el caso no eliminaba la obligación de exigir la fianza ni impedía la aplicación de dicha regla. Por todo lo anterior, solicitó que el Tribunal declarara con lugar la moción, ordenara al señor Arroyo prestar una fianza de no residente en la cuantía que estimara pertinente y dispusiera la suspensión de todos los procedimientos y términos del caso hasta que dicha fianza fuera prestada.

El 8 de mayo de 2026, el señor Arroyo presentó una *Oposición a Solicitud de Imposición de Fianza de no Residente* […].[9] En primer lugar, sostuvo que el señor Loinaz renunció tácitamente a su derecho de solicitar

---

[9] *Véase*, Entrada Núm. 163, SUMAC TPI.

la fianza y que estaba impedido de hacerlo por la doctrina de *estoppel*. Alegó que el señor Loinaz conocía desde mayo de 2024 los hechos relacionados con su residencia en Florida y, aun así, participó activamente en todas las etapas del litigio sin invocar la Regla 69.5 de Procedimiento Civil, *supra*.

Señaló que durante ese tiempo tomó deposiciones, participó en estipulaciones, compareció a conferencias, presentó una moción de sentencia sumaria, litigó el juicio en su fondo y solicitó la desestimación del caso sin plantear la necesidad de una fianza. Indicó que la solicitud fue presentada por primera vez el 6 de mayo de 2026, luego de dictada una sentencia adversa a él y simultáneamente con una moción de reconsideración. Añadió que la doctrina de actos propios impedía al señor Loinaz asumir una posición procesal contradictoria luego de haber litigado durante años sin solicitar la fianza. Asimismo, argumentó que la minuta del 20 de mayo de 2024 no eximía al señor Loinaz de su deber de invocar oportunamente la regla al conocer los hechos relacionados con su residencia.

Como segundo fundamento, argumentó que el propósito de la Regla 69.5 de Procedimiento Civil, *supra*, ya se encontraba satisfecho. Expuso que la *Sentencia* emitida el 21 de abril de 2026 le fue favorable y no existía condena pendiente contra el señor Loinaz que justificara la exigencia de una garantía. Añadió que él y su esposa eran propietarios de un inmueble en Puerto Rico ubicado en San Juan, el cual constituía una garantía suficiente frente a cualquier reclamación. También sostuvo que mantienen vínculos con Puerto Rico, incluyendo la titularidad de dicha propiedad y el hecho de que el pleito buscaba recuperar su posesión. Además, indicó que su ausencia en Puerto Rico obedecía a condiciones médicas que dieron lugar al nombramiento de un defensor judicial. Señaló igualmente que, al momento de presentar la *Demanda*, él y su esposa residían en Puerto Rico y que, tras la sentencia favorable, ya no ocupaba la posición procesal de reclamantes activos que contempla la Regla 69.5 de Procedimiento Civil, *supra*.

Como tercer fundamento, sostuvo que la jurisprudencia citada por el señor Loinaz era distinguible de los hechos del caso. Argumentó que en los casos invocados las solicitudes de fianza fueron presentadas oportunamente durante etapas tempranas del litigio y no luego de haberse litigado el caso en su totalidad y emitido una sentencia. Añadió que ninguno de esos casos atendía la situación específica de una solicitud presentada tras años de litigio y después de una sentencia adversa.

Finalmente, alegó que la conducta procesal del señor Loinaz constituía temeridad. Sostuvo que la solicitud de fianza perseguía suspender los procedimientos y retrasar la ejecución de la sentencia. Para ello, detalló una cronología de actuaciones procesales durante las cuales el demandado no invocó la Regla 69.5 de Procedimiento Civil, *supra*, pese a conocer los hechos relacionados con la residencia de los demandantes. Indicó que la presentación de la solicitud luego de la sentencia y de forma simultánea con la moción de reconsideración evidenciaba un patrón de conducta dilatoria. Por tal razón, solicitó que se declarara no ha lugar la solicitud de fianza, que no se suspendieran los procedimientos, que se determinara que el señor Loinaz actuó temerariamente y que se le impusieran honorarios de abogado adicionales al amparo de la Regla 44.1(d) de Procedimiento Civil, *supra*.

Atendidos los escritos, ese mismo día, a saber, el 8 de mayo de 2026, el TPI emitió y notificó una *Resolución y Orden*[10] determinó lo siguiente:

> [T]oda vez que la Sentencia no ha advenido firme, se impone fianza de $1,000.00 a la parte demandante y se ordena la paralización de los procedimientos ante el Tribunal de Primera Instancia. Aun cuando el único demandante en este caso puede tener su domicilio en Puerto Rico, su residencia ha sido fuera de Puerto Rico desde la vista del 20 de mayo de 2024 hasta esta fecha, por lo que no tenemos discreción para denegar la petición de la parte demandada hecha el 6 de mayo de 2026 a las 6:29 p.m. Véase *Yero Vicente v. Nimay Auto*, 205 DPR 126 (2020).

Inconforme con esta determinación, ese mismo día, a saber, el 8 de mayo de 2026, el señor Arroyo presentó una solicitud de reconsideración mediante la cual, en esencia, reiteró los argumentos de su oposición.[11] El

---

[10] *Véase*, Entrada Núm. 164, SUMAC TPI.
[11] *Véase*, Entrada Núm. 165, SUMAC TPI.

11 de mayo de 2026, el TPI emitió y notificó una *Resolución* denegando la solicitud de reconsideración.[12]

Así las cosas, el 26 de mayo de 2026, el señor Arroyo presentó una *Moción de Relevo de la Orden de Imposición de Fianza* […] al amparo de la Regla 49.2 de Procedimiento Civil, *supra*.[13] En esta solicitó que se dejara sin efecto la Orden de Imposición de Fianza de No Residente emitida el 8 de mayo de 2026. Fundamentó su solicitud principalmente en el inciso (e) de dicha regla, al sostener que no resultaba equitativo que la orden continuara en vigor, y subsidiariamente en el inciso (b), al alegar la existencia de prueba que no estuvo razonablemente disponible antes de la emisión de la orden. Además, aclaró que la moción no afectaba la finalidad ni los efectos de la *Sentencia* del 21 de abril de 2026, y que tampoco solicitaba la reapertura del juicio ni la modificación de dicha sentencia, sino que se dirigía exclusivamente contra la orden interlocutoria que impuso la fianza. Evaluada esta solicitud, ese mismo día, a saber 26 de mayo de 2026, el TPI emitió una *Resolución* declarándola No Ha Lugar.[14]

Inconforme con determinados aspectos de la *Sentencia* emitida el 21 de abril de 2026, así como con la *Resolución y Orden* del 8 de mayo de 2026 mediante la cual el TPI impuso una fianza de no residente y paralizó los procedimientos, y con la *Resolución* del 26 de mayo de 2026 que declaró No Ha Lugar la solicitud de relevo presentada al amparo de la Regla 49.2 de Procedimiento Civil, *supra*, el señor Arroyo acudió ante este Tribunal el 1 de junio de 2026 mediante el caso núm. TA2026CE00699 y formuló los siguientes señalamientos de error:

> **PRIMER ERROR: Erró el Tribunal de Primera Instancia al determinar que hubo anuencia tácita a la reducción del canon durante el período de septiembre de 2020 a octubre de 2022, cuando desde el 1 de enero de 2015 la relación operaba bajo tácita reconducción conforme al Artículo 1335 del Código Civil de 2020, y cuando el propio récord refleja tres cuantías distintas pagadas unilateralmente por el deudor, incompatibles con la novación tácita que nunca se presume bajo Warner Lambert Co. v. Tribunal Superior, 101 DPR 378 (1973), y P.D.C.M. Assoc. v. Najul Báez, 174 DPR 716 (2008).**

> **SEGUNDO ERROR: Erró el Tribunal de Primera Instancia al no adjudicar honorarios por temeridad bajo la Regla 44.1(d) de Procedimiento Civil, cuando el récord**

---

[12] *Véase*, Entrada Núm. 166, SUMAC TPI.
[13] *Véase*, Entrada Núm. 167, SUMAC TPI.
[14] *Véase*, Entrada Núm. 168, SUMAC TPI.

documenta que el señor Loinaz sostuvo durante casi tres años defensas que sus propias admisiones bajo juramento refutaban, conducta que satisface el estándar de temeridad reiterado en Santiago v. Sup. Grande, 166 DPR 796 (2006), citado en Torres Vélez v. Soto Hernández, 189 DPR 972 (2013), y cuya imposición, una vez determinada, es mandatoria conforme a Montañez v. UPR, 156 DPR 395 (2002).

**TERCER ERROR:** Erró el Tribunal de Primera Instancia al no pronunciarse sobre los honorarios del litigio que la Cláusula 11 del contrato impone al incumplidor, cuando ese mismo foro invocó la Cláusula 11 en las páginas 37 y 38 de la Sentencia para reconocer el Evento de Incumplimiento y fijar la fecha de terminación del contrato, aplicando una de las consecuencias indivisibles de la cláusula y omitiendo la otra.

**CUARTO ERROR:** Erró el Tribunal de Primera Instancia al fijar la fianza en apelación en $2,600.00 bajo el Artículo 630 del Código de Enjuiciamiento Civil, cuando el canon notificado y vigente durante el trámite apelativo es el de $4,000.00 mensuales, de modo que la cuantía fijada no guarda proporción con el riesgo económico real.

**QUINTO ERROR:** Erró el Tribunal de Primera Instancia al imponer fianza de no residente bajo la Regla 69.5 y paralizar la ejecución de una Sentencia ya dictada a favor de la parte que prevaleció en los méritos, cuando la aplicación literal de la regla a este escenario post-sentencia produce consecuencias absurdas incompatibles con su propósito legislativo, conforme a Molina v. C.R.U.V., 114 DPR 295 (1983).

**SEXTO ERROR:** Erró el Tribunal de Primera Instancia al determinar que carecía de toda discreción para denegar la solicitud de fianza, cuando la propia emisión de una Orden de Mostrar Causa y la evaluación de la Oposición de la parte peticionaria presuponen el ejercicio de discreción, y cuando el señor Loinaz, con aviso judicial expreso desde el 20 de mayo de 2024, omitió invocar la regla durante veintitrés meses de litigio activo, configurando renuncia tácita y estoppel procesal.

**SÉPTIMO ERROR:** Erró el Tribunal de Primera Instancia al imponer la fianza sin ponderar que el demandante conserva en Puerto Rico un inmueble, el propio bien objeto del pleito, que constituye su única propiedad en la jurisdicción y es de naturaleza residencial, circunstancia que satisface el propósito tutelar de la regla por existir patrimonio del reclamante accesible en Puerto Rico, y sin ponderar que la paralización de la entrega de ese bien obstaculiza materialmente todo eventual retorno del demandante a residir en la jurisdicción, de modo que la medida tiende a perpetuar la condición de no residencia que dice atender.

**OCTAVO ERROR:** Erró el Tribunal de Primera Instancia al denegar el relevo solicitado bajo la Regla 49.2 sin abordar la prueba documental sobreviniente ni el planteamiento de temeridad bajo la Regla 44.1(d), no atendido en dictámenes consecutivos, configurando un patrón de denegatorias sin fundamentos articulados que impide la revisión informada.

Por su parte, el 8 de junio de 2026, el señor Loinaz presentó el caso núm. TA2026AP00585 mediante el cual impugnó el desahucio ordenado en la *Sentencia* emitida el 21 de abril de 2026, y, por consiguiente, formuló los siguientes señalamientos de error:

**PRIMER ERROR: ERRÓ EL TPI EN LA APRECIACIÓN DE LA PRUEBA Y EN LA APLICACIÓN DEL DERECHO AL CONCLUIR QUE LOS PAGOS PARCIALES DE $2,300.00 EFECTUADOS POR LOINAZ EN SEPTIEMBRE Y OCTUBRE DE 2022, LO CONVIRTIERON EN POSEEDOR EN PRECARIO, CUANDO EL ARTÍCULO 621 DEL CÓDIGO DE ENJUICIAMIENTO CIVIL, EXIGE QUE LA POSESIÓN PRECARIO SEA "SIN PAGAR CANON O MERCED ALGUNA" Y LA PROPIA SENTENCIA DETERMINÓ QUE LOINAZ EFECTUÓ PAGOS PARCIALES POR ESOS MESES Y LUEGO CONTINUÓ PAGANDO EL CANON CONTRACTUAL DE $2,600.00 PAGOS QUE ARROYO ACEPTÓ, HACIENDO DESVANECER LA CAUSAL DE DESAHUCIO POR FALTA DE PAGO Y CONSTITUYENDO UNA RENUNCIA AL DERECHO DE DESAHUCIAR POR ESA CAUSAL BAJO CAMPOS V. TRIBUNAL SUPERIOR, 75 DPR 370 (1953) E IGARTÚA V. RUIZ, 73 DPR 354 (1952).**

**SEGUNDO ERROR: ERRÓ EL TPI AL CONCLUIR QUE LOS PAGOS DE $2,300.00 EFECTUADOS POR LOINAZ EN SEPTIEMBRE Y OCTUBRE DE 2022 CONSTITUYERON UN "EVENTO DE INCUMPLIMIENTO" SUFICIENTE PARA DAR POR TERMINADO EL CONTRATO, CUANDO NI EL CONTRATO NI EL CÓDIGO CIVIL DE 1930 DISPONEN QUE DOS PAGOS PARCIALES DEL CANON PRODUZCAN AUTOMÁTICAMENTE LA TERMINACIÓN DEL ARRENDAMIENTO; ARROYO NO ALEGÓ EN LA DEMANDA QUE ESOS PAGOS CONSTITUYERAN LA CAUSA ESPECÍFICA DE TERMINACIÓN CONTRACTUAL; Y LA PRUEBA CREÍDA POR EL TPI REFLEJÓ UNA EJECUCIÓN CONTRACTUAL FLEXIBLE, INFORMAL Y MODIFICADA TÁCITAMENTE POR LA CONDUCTA DE LAS PARTES.**

**TERCER ERROR: ERRÓ EL TPI AL CONCLUIR QUE, AL 15 DE DICIEMBRE DE 2022, LA OPCIÓN DE COMPRA NO ESTABA VIGENTE, CUANDO ESA CONCLUSIÓN DESCANSÓ EXCLUSIVAMENTE EN LA DETERMINACIÓN ERRÓNEA DE QUE EL CONTRATO HABÍA TERMINADO EL 20 DE OCTUBRE DE 2022.**

**CUARTO ERROR: ERRÓ EL TPI EN LA APRECIACIÓN DE LA PRUEBA Y EN LA APLICACIÓN DEL DERECHO AL CONCLUIR QUE LA OPCIÓN DE COMPRA DEL CONTRATO NO ESTABA VIGENTE, SIN ATRIBUIR EL EFECTO DE LA CONDUCTA DE ARROYO SOBRE EL EJERCICIO EFICAZ DE DICHA OPCIÓN, INCLUYENDO LA OCULTACIÓN DE LA TASACIÓN DE 2021 HECHA POR EL APELADO, LA FALTA DE PRODUCCIÓN DE LA ESCRITURA DE COMPRAVENTA SOLICITADA PARA TRAMITAR EL FINANCIAMIENTO Y LA AUSENCIA DE RESPUESTA A LAS GESTIONES DE LOINAZ DIRIGIDAS A EJERCER SU DERECHO DE OPCIÓN.**

**QUINTO ERROR: ERRÓ EL TPI EN LA APRECIACIÓN DE LA PRUEBA AL OMITIR DETERMINAR SI LOINAZ OSTENTA UN CRÉDITO POR REPARACIONES NECESARIAS Y EXTRAORDINARIAS REALIZADAS A LA PROPIEDAD Y, COMO CONSECUENCIA, UN DERECHO DE**

**RETENCIÓN HASTA TANTO SE LE REEMBOLSE LO ADEUDADO, A PESAR DE QUE ESA DEFENSA FUE OBJETO DE PRUEBA ADMITIDA, PERTINENTE Y NO CONTROVERTIDA, Y ERA MATERIAL PARA LA NATURALEZA DE SU POSESIÓN Y LA PROCEDENCIA DEL LANZAMIENTO.**

Atendido el recurso núm. TA2026CE00699 presentado por el señor Arroyo, el 3 de junio de 2026, emitimos una *Resolución* concediéndole al señor Loinaz hasta el 10 de junio de 2026 para presentar su postura en cuanto a este recurso. Oportunamente, el señor Loinaz presentó una *Oposición a Recurso de Certiorari y Solicitud de Desestimación por falta de Jurisdicción.* En cuanto a los méritos del recurso, argumentó que los primeros cuatro señalamientos de error, relacionados con la determinación de anuencia tácita, la negativa a imponer honorarios por temeridad, la falta de pronunciamiento sobre honorarios contractuales y la cuantía de la fianza apelativa, no eran revisables en esta etapa procesal. Expuso que, la *Resolución y Orden* emitida el 8 de mayo de 2026 impuso al peticionario una fianza de no residente al amparo de la Regla 69.5 de Procedimiento Civil, *supra*, y dispuso la paralización de los procedimientos hasta que dicha fianza fuera prestada. Alegó que, conforme al texto de la regla y a la jurisprudencia del Tribunal Supremo, la suspensión decretada por el TPI mantenía en suspenso los efectos de la *Sentencia* y los términos para su revisión, por lo que esos planteamientos resultan prematuros.

Asimismo, sostuvo que tampoco procedía la revisión de los señalamientos de error dirigidos contra la propia imposición de la fianza de no residente. Adujo que el señor Arroyo no consignó la fianza impuesta ni solicitó oportunamente auxilio de jurisdicción para suspender los efectos de la orden recurrida, por lo que esta continuaba plenamente vigente. Argumentó que, la mera presentación del recurso de *certiorari* no tuvo el efecto de paralizar la *Resolución y Orden* ni de suspender sus consecuencias jurídicas.

En la alternativa, sostuvo que, si entendíamos que poseíamos jurisdicción para atender los planteamientos del señor Arroyo, tampoco procedía la expedición del auto de *certiorari* bajo los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, *infra*. Señaló que el TPI actuó correctamente al imponer la fianza de no residente una vez quedó

establecido que el señor Arroyo residía fuera de Puerto Rico durante la pendencia del litigio, circunstancia que activaba de forma mandatoria la Regla 69.5 de Procedimiento Civil, *supra*. Añadió que ninguna de las excepciones contempladas en la normativa aplicaba al caso, que la imposición de la fianza podía realizarse mientras la *Sentencia* no fuera final y firme, y que el hecho de que el inmueble objeto del pleito estuviera localizado en Puerto Rico no constituía una excepción reconocida por el ordenamiento jurídico.

Finalmente, sostuvo que el TPI no incurrió en abuso de discreción, prejuicio, parcialidad ni error manifiesto de derecho al imponer la fianza mínima de $1,000.00 y paralizar los procedimientos. Por ello, solicitó que el recurso fuese desestimado por falta de jurisdicción o, en la alternativa, que se denegara la expedición del auto de *certiorari* por no cumplirse los criterios que justifican la intervención extraordinaria del foro apelativo.

Así las cosas, el 11 de junio de 2026 emitimos una *Resolución* mediante la cual concedimos al señor Arroyo hasta el 22 de junio de 2026 para que mostrara causa por la cual no debíamos desestimar el recurso de *certiorari* por falta de jurisdicción y limitar nuestra consideración a los errores quinto, sexto, séptimo y octavo en el caso TA2026CE00699.

En cumplimiento con nuestra orden, el señor Arroyo presentó su *Oposición a Solicitud de Desestimación por Falta De Jurisdicción y Cumplimiento de Orden de Mostrar Causa*. En esta sostuvo que el único fundamento de la solicitud de desestimación era que la fianza de no residente impuesta por el TPI no había sido prestada. Ante ello, indicó que, el 22 de junio de 2026 consignó la suma de $1,000.00 requerida, según constaba en el recibo oficial que acompañaba el presente escrito. Alegó que, con dicha consignación, desaparecía el fundamento de la solicitud de desestimación y se reactivaban los procedimientos y términos de revisión. Añadió que la consignación se efectuó bajo protesta y sin renunciar a los señalamientos de error que impugnaban la procedencia de la fianza.

Expuso que, conforme a la jurisprudencia, la suspensión derivada de la exigencia de una fianza de no residente mantenía en suspenso el término apelativo sin extinguirlo, por lo que, una vez prestada la fianza, el

término continuaba su curso. Sostuvo que, a su juicio, al haberse consignado la fianza, no subsiste fundamento para desestimar el recurso por falta de jurisdicción.

Asimismo, expresó que este Tribunal tenía jurisdicción para revisar las determinaciones post-sentencia objeto de los señalamientos de error quinto al octavo, conforme a la jurisprudencia, y que el propio señor Loinaz reconoció que el *certiorari* era el mecanismo adecuado para revisar dichas determinaciones. Añadió que el planteamiento del señor Loinaz sobre el auxilio de jurisdicción no afectaba la facultad del Tribunal para atender el recurso y que, en todo caso, la consignación de la fianza tornaba académica esa controversia.

En cuanto a la limitación de la revisión a los señalamientos quinto al octavo, argumentó que dicha propuesta dependía de que la suspensión causada por la falta de prestación de la fianza continuara vigente. Sostuvo que, una vez consignada la fianza y reanudados los términos, los señalamientos primero al cuarto dejaban de ser prematuros. Indicó que la consolidación del *certiorari* en el caso núm. TA2026CE00699 con la apelación en el caso núm. TA2026AP00585 presentada por el señor Loinaz favorecía la revisión integral de todos los señalamientos de error relacionados con la misma Sentencia.

Finalmente, reiteró que la consignación de la fianza se realizó bajo protesta y con reserva expresa de los señalamientos de error quinto, sexto y séptimo, por lo que mantenía viva su impugnación a la procedencia de dicha fianza. Por ello, solicitó que tomáramos conocimiento de la consignación realizada, declaráramos No Ha Lugar la solicitud de desestimación por falta de jurisdicción, determináramos que procedía la revisión integral de los ocho señalamientos de error, autorizáramos la suplementación del apéndice si fuere necesario y concediéramos cualquier otro remedio que en derecho procediera.

Con el beneficio de la comparecencia de ambas partes, procedemos a atender el asunto ante nos. *Veamos.*

## II.

### -A-

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. Íd., pág. 847. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró*, 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. Íd., pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. Íd. Esto, ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. Íd. Así, "el adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.

Es importante destacar que, al interpretar la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, el Tribunal Supremo resolvió que las resoluciones atinentes a asuntos postsentencia, como la que tenemos ante nuestra consideración, no se encuentran comprendidas entre aquellas determinaciones de naturaleza interlocutoria categóricamente sujetas a escrutinio mediante el recurso de *certiorari*. *IG Builders et. al. v. BBVAPR*, 185 DPR 307, 339 (2012). De otra parte, por emitirse este tipo de decisión luego de dictada la sentencia, usualmente tampoco cualifica para el recurso de apelación provisto para dictámenes judiciales finales. Íd. Por lo tanto, se corre el riesgo de que fallos erróneos nunca se vean sujetos a examen judicial simplemente porque ocurren en una etapa tardía en el proceso." *IG Builders et. al. v. BBVAPR*, 185 DPR 307, 339 (2012). Establecido lo anterior, al determinar si procede expedir o denegar un recurso de *certiorari* en el cual se recurre de un asunto postsentencia, debemos evaluar únicamente los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, *In re Aprob.*

*Enmdas. Reglamento TA,* 2025 TSPR 141, pág. 63, 215 DPR \_\_\_\_

(2025). Íd. La aludida regla establece lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción y tampoco constituyen una lista exhaustiva. *García v. Padró, supra,* pág. 335. La norma vigente es que los tribunales apelativos podremos intervenir con las determinaciones discrecionales del Tribunal de Primera Instancia cuando éste haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Santiago,* 176 DPR 559, 581 (2009).

**-B-**

La Regla 69.5 de Procedimiento Civil, 32 LPRA Ap. V, Regla 69.5, establece lo siguiente en cuanto a la fianza de no residente:

> Cuando la parte reclamante resida fuera de Puerto Rico o sea una corporación extranjera, el tribunal requerirá que preste fianza para garantizar las costas, los gastos y los honorarios de abogados a que pueda ser condenada. Todo procedimiento en el pleito se suspenderá hasta que se preste la fianza, que no será menor de mil (1,000) dólares. El tribunal podrá ordenar que se preste una fianza adicional si se demuestra que la fianza original no es garantía suficiente, y los procedimientos en el pleito se suspenderán hasta que se preste dicha fianza adicional.

Transcurridos sesenta (60) días desde la notificación de la orden del tribunal para la prestación de la fianza o de la fianza adicional sin que ésta haya sido prestada, el tribunal ordenará la desestimación del pleito.

No se exigirá prestación de fianza a las partes reclamantes que residan fuera de Puerto Rico cuando:

(a) se trate de una parte litigante insolvente que esté expresamente exceptuada por ley para el pago de aranceles y derechos de presentación;

(b) se trate de un copropietario o una copropietaria en un pleito que involucra una propiedad sita en Puerto Rico y al menos otro de los copropietarios u otra de las copropietarias también es reclamante y reside en Puerto Rico, o

(c) se trate de un pleito instado por un comunero o una comunera para la disolución, liquidación, partición y adjudicación de bienes sitos en Puerto Rico. (Énfasis y subrayado nuestro).

**El propósito principal de la Regla 69.5 de Procedimiento Civil,** *supra,* **es garantizar las costas, los gastos y los honorarios de abogados en pleitos en los que el reclamante es una persona natural no residente o una corporación extranjera.** (Énfasis suplido) *Yero Vicente v. Nimay Auto,* 205 DPR 126, 130 (2020). **Ello, debido a que, de otra forma, resultaría difícil para el demandado recobrar esas partidas fuera de nuestra jurisdicción territorial.** (Énfasis suplido) Íd. A su vez, el propósito de la aludida disposición reglamentaria es desalentar pleitos frívolos e inmeritorios. Íd.

En cuanto a su aplicación, el Tribunal Supremo ha enfatizado que el concepto determinante para activar el requisito de la fianza es la residencia efectiva de la parte reclamante durante la pendencia del litigio y no su domicilio o ciudadanía. Íd., pág. 132. A tono con ello, el tratadista Cuevas Segarra explica que el requisito de la Regla 69.5 de Procedimiento Civil, *supra,* se extiende a aquellos litigantes que no son residentes durante la tramitación del pleito, independientemente de su domicilio o ciudadanía. J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil,* 2da ed., San Juan, Pubs. JTS, 2011, T. V, pág. 1932. **De igual forma, señala que, si una parte demandante cambia su condición de residente durante el curso del litigio y se convierte en no residente, viene obligada a prestar la correspondiente fianza de no residente.** (Énfasis suplido) Íd. Así, el análisis bajo la Regla 69.5 de Procedimiento Civil, *supra,*

descansa en la residencia real y actual de la parte reclamante mientras el pleito está pendiente, pues ello responde al propósito de la regla de asegurar el eventual cobro de costas, gastos y honorarios de abogado a favor de la parte demandada.

De igual forma, la jurisprudencia ha reconocido el carácter mandatorio de la Regla 69.5 de Procedimiento Civil, *supra.* Particularmente, el Tribunal Supremo ha expresado que el lenguaje de la disposición es taxativo al requerir que se exija la prestación de una fianza a toda parte reclamante no residente que no se encuentre cobijada por alguna de las excepciones expresamente reconocidas por la regla. Íd., pág. 133. Más aún, la norma vigente utiliza lenguaje imperativo al disponer que, una vez transcurrido el término de sesenta (60) días sin que la fianza haya sido prestada, el tribunal "ordenará" la desestimación del pleito. Íd., pág. 133-134. Por consiguiente, los tribunales carecen de discreción para eximir del requisito a una parte reclamante no residente fuera de los supuestos expresamente contemplados en las Reglas 69.5 de Procedimiento Civil, *supra.* Íd., pág. 134.

III.

Antes de atender los méritos de las controversias planteadas, debemos determinar el alcance de nuestra jurisdicción para revisar los recursos consolidados ante nuestra consideración. Particularmente, el señor Loinaz presentó una *Oposición a Recurso de Certiorari y Solicitud de Desestimación por falta de Jurisdicción* mediante la cual cuestionó nuestra facultad para atender determinados planteamientos formulados por el señor Arroyo en el caso núm. TA2026CE00699. En esencia, sostuvo que no procedía revisar en esta etapa procesal las controversias dirigidas a impugnar la *Sentencia* emitida el 21 de abril de 2026, toda vez que la imposición de una fianza de no residente y la paralización decretada al amparo de la Regla 69.5 de Procedimiento Civil, *supra,* mantenían en suspenso los procedimientos y los términos relacionados con la revisión de dicho dictamen. Asimismo, argumentó que tampoco procedía revisar las determinaciones relacionadas con la propia imposición de la fianza,

pues esta no había sido consignada y el peticionario no había obtenido auxilio de jurisdicción para suspender los efectos de la orden recurrida.

Posteriormente, mediante *Resolución* de 11 de junio de 2026, concedimos al señor Arroyo un término para mostrar causa por la cual no debíamos desestimar el recurso de *certiorari* por falta de jurisdicción ni limitar nuestra consideración a los señalamientos de error quinto, sexto, séptimo y octavo. En cumplimiento con dicha orden, el señor Arroyo presentó una *Oposición a Solicitud de Desestimación por Falta de Jurisdicción y Cumplimiento de Orden de Mostrar Causa*. Allí informó que el 22 de junio de 2026 consignó la fianza de no residente de $1,000.00 impuesta por el TPI y argumentó que, como consecuencia de dicha consignación, desaparecía el fundamento de la solicitud de desestimación, se reactivaban los procedimientos y los términos de revisión y procedía entonces atender la totalidad de los señalamientos de error planteados en su recurso.

No obstante, tales planteamientos no alteran nuestra conclusión jurisdiccional. La jurisdicción de un tribunal apelativo se determina a la fecha en que el recurso es presentado. Por ello, la consignación de la fianza efectuada el 22 de junio de 2026, aunque relevante para el curso posterior de los procedimientos, ocurrió con posterioridad a la presentación tanto de la apelación núm. TA2026AP00585 como del recurso de *certiorari* núm. TA2026CE00699. En consecuencia, dicha actuación posterior no tiene el efecto de subsanar retroactivamente la falta de madurez procesal que afectaba aquellos planteamientos dirigidos a revisar la *Sentencia* emitida el 21 de abril de 2026 al momento en que los recursos fueron presentados.

La Regla 69.5 de Procedimiento Civil, *supra*, dispone que cuando la parte demandante resida fuera de Puerto Rico, el tribunal requerirá la prestación de una fianza para garantizar las costas, gastos y honorarios de abogado a los que eventualmente pueda ser condenada. Además, la propia regla establece que, "[t]odo procedimiento en el pleito se suspenderá hasta que se preste la fianza". En el presente caso, luego de emitida la *Sentencia* el 21 de abril de 2026, el señor Loinaz solicitó la imposición de una fianza de no residente al alegar que el señor Arroyo residía en el estado

de Florida. Evaluados los planteamientos de las partes, el TPI emitió una *Resolución y Orden* el 8 de mayo de 2026 mediante la cual impuso una fianza de $1,000.00 y ordenó la paralización de los procedimientos hasta que dicha fianza fuera prestada. Posteriormente, denegó la solicitud de reconsideración presentada por el señor Arroyo y, más adelante, también declaró No Ha Lugar la solicitud de relevo presentada al amparo de la Regla 49.2 de Procedimiento Civil, *supra*.

Ante este cuadro procesal fáctico, resulta forzoso concluir que la paralización decretada por el TPI al amparo de la Regla 69.5 de Procedimiento Civil, *supra*, mantuvo en suspenso los procedimientos del caso y los términos relacionados con la revisión judicial de la *Sentencia* emitida el 21 de abril de 2026. Como se desprende del texto expreso de la regla, una vez se ordena la prestación de una fianza de no residente, todo procedimiento en el pleito queda suspendido hasta que esta sea prestada. Consecuentemente, mientras la paralización permaneciera vigente, los términos para procurar la revisión en alzada de la *Sentencia* no podían comenzar a transcurrir ni la controversia relativa a dicho dictamen advenir madura para nuestra consideración.

En vista de ello, concluimos que no procede atender en este momento aquellos planteamientos dirigidos a impugnar la *Sentencia* emitida el 21 de abril de 2026. Nótese que el recurso núm. TA2026AP00585 se dirige exclusivamente a cuestionar determinaciones contenidas en dicha *Sentencia*. De igual forma, los primeros cuatro señalamientos de error formulados en el recurso núm. TA2026CE00699 persiguen la revisión de determinaciones relacionadas con la referida *Sentencia*, a saber: la conclusión sobre la alegada anuencia tácita a la reducción del canon de arrendamiento, la negativa a imponer honorarios por temeridad, la falta de pronunciamiento respecto a honorarios contractuales y la cuantía de la fianza apelativa fijada por el Tribunal.

De este modo, declaramos No Ha Lugar la solicitud de desestimación en cuanto pretende la desestimación total del recurso núm. TA2026CE00699 por falta de jurisdicción. Sin embargo, acogemos parcialmente el planteamiento jurisdiccional formulado por el señor

Loinaz y concluimos que nuestra intervención se limita exclusivamente a las controversias relacionadas con la *Resolución y Orden* emitida el 8 de mayo de 2026 y con la *Resolución* emitida el 26 de mayo de 2026, las cuales dan lugar a los señalamientos de error quinto al octavo del recurso núm. TA2026CE00699.

Resuelto lo anterior, pasamos a considerar si el TPI erró al imponer la fianza de no residente y al denegar posteriormente el relevo solicitado por el señor Arroyo. Este último argumenta, en síntesis, que la solicitud fue presentada tardíamente, que el señor Loinaz renunció a invocar la regla al no solicitar la fianza durante el curso ordinario del litigio, que el inmueble objeto del pleito constituye una garantía suficiente para responder por cualquier condena futura y que, habiéndose dictado ya una Sentencia favorable a su favor, la imposición de la fianza resulta innecesaria y contraria al propósito de la regla. No le asiste la razón.

La Regla 69.5 de Procedimiento Civil, *supra*, establece de forma clara que cuando la parte demandante resida fuera de Puerto Rico el tribunal requerirá la prestación de una fianza, salvo que concurra alguna de las excepciones expresamente reconocidas por la propia regla. Como ha señalado el Tribunal Supremo, el concepto determinante para activar dicho requisito es la residencia efectiva de la parte demandante durante la pendencia del litigio y no su domicilio o ciudadanía. *Yero Vicente v. Nimay Auto*, supra, pág. 132. De igual forma, la doctrina reconoce que cuando una parte demandante cambia su condición de residente durante el curso del pleito y pasa a ser no residente, viene obligada a prestar la correspondiente fianza de no residente. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, op. cit., pág. 1932.

Surge del expediente que el propio TPI había advertido durante la conferencia celebrada el 20 de mayo de 2024 que, de cambiar la condición de residencia del señor Arroyo, correspondería informar tal circunstancia y prestar la correspondiente fianza de no residente. Posteriormente, y mientras el litigio aún permanecía pendiente, surgió del récord que el señor Arroyo residía en el estado de Florida. De hecho, al emitir la *Resolución y Orden* recurrida, el TPI concluyó expresamente que la

residencia del señor Arroyo había estado fuera de Puerto Rico desde mayo de 2024. Ante esa realidad procesal, la obligación de prestar la fianza quedó activada.

Tampoco nos persuade el planteamiento de que la solicitud de fianza resultaba improcedente por haber sido presentada luego de emitida la Sentencia. La Regla 69.5 de Procedimiento Civil, *supra*, no establece término alguno dentro del cual deba solicitarse la imposición de la fianza. Del texto de la disposición tampoco surge limitación alguna que restrinja su aplicación a etapas específicas del litigio. Por consiguiente, no corresponde a este Tribunal incorporar restricciones temporales que el propio texto reglamentario no contempla. Lo determinante es que, al momento de solicitarse la fianza, el litigio aún no había concluido de manera final y firme y la parte demandante residía fuera de Puerto Rico.

De igual forma, carece de mérito el argumento de que la titularidad del inmueble objeto del litigio constituye una razón suficiente para eximir al señor Arroyo de prestar la fianza. Las excepciones al requisito de la fianza aparecen expresamente enumeradas en la propia Regla 69.5 de Procedimiento Civil, *supra*, y ninguna de ellas contempla la mera titularidad de una propiedad localizada en Puerto Rico. Particularmente, la excepción contenida en el inciso (b) requiere la existencia de copropietarios reclamantes, uno de los cuales resida en Puerto Rico, circunstancia que claramente no está presente en este caso. En consecuencia, no procede crear judicialmente excepciones adicionales que el legislador no incluyó en el texto reglamentario.

Por otro lado, tampoco prospera el planteamiento de que el TPI conservaba discreción para denegar la solicitud. Como ya señalamos, el Tribunal Supremo ha sido enfático al expresar que la Regla 69.5 de Procedimiento Civil, *supra*, posee carácter mandatorio y que los tribunales carecen de discreción para eximir a una parte reclamante no residente de cumplir con dicho requisito fuera de los supuestos expresamente reconocidos por la regla. *Yero Vicente v. Nimay Auto*, supra, págs. 133-134. Una vez el TPI determinó que el señor Arroyo residía fuera de Puerto Rico

y constató que ninguna excepción aplicaba, venía obligado a exigir la prestación de la fianza correspondiente.

Por último, tampoco nos convence el argumento de que la imposición de la fianza resulta fútil por haberse dictado una Sentencia favorable al señor Arroyo. Al momento en que el TPI emitió la *Resolución y Orden* recurrida, la *Sentencia* aún no había advenido final y firme. Por consiguiente, permanecía abierta la posibilidad de procedimientos ulteriores y de una eventual revisión en alzada de las determinaciones contenidas en ella. Precisamente para atender ese escenario es que la Regla 69.5 de Procedimiento Civil, *supra*, procura garantizar el eventual pago de costas, gastos y honorarios de abogado a favor de la parte demandada si esta finalmente prevalece en el litigio. En tales circunstancias, no puede concluirse que la prestación de la fianza constituya un ejercicio inútil o académico.

Por todo lo anterior, concluimos que el TPI no erró al imponer al señor Arroyo una fianza de no residente ni al ordenar la paralización de los procedimientos hasta tanto esta fuera prestada. Del mismo modo, tampoco erró al denegar posteriormente la solicitud de relevo presentada al amparo de la Regla 49.2 de Procedimiento Civil, *supra*. En consecuencia, los señalamientos de error quinto al octavo del recurso núm. TA2026CE00699 no se cometieron.

Por otro lado, tomamos conocimiento de que el señor Arroyo consignó la fianza de no residente impuesta por el TPI el 22 de junio de 2026. No obstante, como mencionamos anteriormente, dicha consignación no altera la conclusión jurisdiccional alcanzada en el presente caso, pues ocurrió con posterioridad a la presentación de los recursos ante nuestra consideración. Conforme a la Regla 69.5 de Procedimiento Civil, *supra*, y a la jurisprudencia aplicable, la suspensión decretada por razón de la fianza de no residente tiene el efecto de mantener en suspenso, mas no extinguir, los términos relacionados con la revisión judicial. Por consiguiente, una vez el TPI tome conocimiento de la consignación efectuada y deje sin efecto la paralización decretada mediante la *Resolución y Orden* de 8 de mayo de 2026, los términos correspondientes

para solicitar la revisión en alzada de la *Sentencia* emitida el 21 de abril de 2026 reanudarán su decurso desde el momento en que quedaron suspendidos, según proceda en derecho. En consecuencia, los planteamientos dirigidos contra dicha *Sentencia* podrán ser presentados oportunamente ante este foro una vez se encuentren en posición procesal de ser revisados.

IV.

Por los fundamentos antes expuestos, declaramos **No Ha Lugar** la Solicitud de Desestimación por Falta de Jurisdicción presentada por el señor Loinaz en cuanto solicita la desestimación total del recurso núm. TA2026CE00699. No obstante, acogemos parcialmente sus planteamientos jurisdiccionales y concluimos que no procede revisar en esta etapa los señalamientos de error dirigidos a impugnar la *Sentencia* emitida el 21 de abril de 2026.

En consecuencia, ***desestimamos*** el recurso núm. TA2026AP00585 por falta de jurisdicción por prematuro. En cuanto al recurso núm. TA2026CE00699, ***desestimamos*** por falta de jurisdicción, por prematuros, los planteamientos dirigidos a impugnar la *Sentencia* emitida el 21 de abril de 2026. No obstante, en la medida en que dicho recurso también cuestiona la *Resolución y Orden* emitida el 8 de mayo de 2026 y la *Resolución* emitida el 26 de mayo de 2026, ambas relacionadas con la imposición de la fianza de no residente, ***expedimos el auto de certiorari*** para revisar dichas determinaciones interlocutorias. Examinados los señalamientos de error pertinentes, ***confirmamos*** las referidas resoluciones.

Tomamos conocimiento, además, de que el señor Arroyo consignó la fianza de no residente el 22 de junio de 2026. Sin embargo, dicha actuación posterior no altera las determinaciones jurisdiccionales aquí alcanzadas. Una vez el TPI deje sin efecto la paralización decretada al amparo de la Regla 69.5 de Procedimiento Civil, *supra,* los términos correspondientes para solicitar la revisión en alzada de la *Sentencia* emitida el 21 de abril de 2026 continuarán su decurso según proceda en derecho.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones